# CHARLESTON.

STATE *to use of* ROBINSON *et al.* v. BROOKOVER *et al.*

Submitted June 15, 1896—Decided Nov. 13, 1896.

TRIAL—PLEADING—ERROR.

It is error for the circuit court to hear and finally determine a controverted case in the absence of express agreement to the contrary without proper pleas filed and issues joined thereon.

ROBT. MCELDOWNEY and E. B. SNODGRASS for plaintiffs in error, cited 4 W. Va. 180, 183, 184, 721; 21 W. Va. 161; 10 W. Va. 474; 35 W. Va. 101.

S. B. HALL for defendant in error, cited Code, c. 129, s. 10; Code, c. 131, s. 10; Code, c. 126, s. 4; Bart. Law Prac. (Ed. 1877) 152; 36 W. Va. 454; 38 W. Va. 470; 33 W. Va. 501.

DENT, JUDGE:

Samuel J. Robinson and R. H. Sayre, late partners un-

der the firm name and style of Robinson & Sayre, as plaintiffs, instituted a suit, April rules, 1881, in the Circuit Court of Wetzel county, against A. P. Brookover *et al.*, on a bond executed by said Brookover, as sheriff of said county, which was afterwards transferred to Marshall county.

At the October term the defendants demurred to the declaration, which demurrer was properly overruled, as the declaration appears to be good in both form and substance. The following order was then entered before any pleas were tendered or filed, to wit: "Order. This day came the parties, by their attorneys, and by consent this cause is specially referred to Chas. R. Oldham, who shall, after fifteen days' notice of his time and place of sitting, proceed to take, state, and report to this Court as follows: (1) Whether or not the said Robinson & Sayre paid to said A. P. Brookover, as sheriff of Wetzel county, the money specified by plaintiff in the declaration in this cause filed, and, if so, what application was made of the same by said A. P. Brookover, sheriff, as aforesaid. (2) What execution, if any, against said Robinson & Sayre were in hands of said Brookover, as sheriff, at the time said moneys were so paid, if any; and, if so, whether or not said executions were paid; and, if so, by whom. (3) What amount plaintiffs are entitled to recover against defendants in this suit, including interest up to the first day of the next term of this court, if anything. (4) Any and all other matters deemed pertinent. Said commissioner is hereby authorized to take any necessary testimony during his investigation of this case, and directed to return same with his report, as part thereof." On the 5th day of October, 1882, the commissioner having returned his report, it was recommitted to him for further proceedings. On the 4th day of February, 1884, an order was entered by agreement, substituting James W. Newman, commissioner, in lieu of C. R. Oldham. And on the 14th day of March, 1894, Commissioner Newman· having made his report, the court entered the following final judgment: "Judgment. This day came the parties, by their attorneys, and submitted the matters of law and fact in difference in this case and arising upon the report of J. W. Newman, commissioner, and upon the exceptions of defend-

ants to said report; all of which were considered by the court. Upon consideration whereof the court doth find and ascertain that the defendants owe the plaintiffs the sum found due them by the report of J. W. Newman, commissioner, to wit, the sum of three hundred and fifty one dollars and ninety four cents, and doth therefore overrule the the exceptions of defendants to said commissioner's report; to which finding and ruling of the court the defendants, by counsel, except, and the defendants thereupon moved the court that no judgment be entered upon said finding for the reason that the same is not authorized by the law and the evidence, which motion is overruled by the court; to which ruling the defendants except. Therefore it is considered by the court that the plaintiff recover against the defendants thirty thousand dollars ($30,000) the debt in the declaration demanded, and its costs; but this judgment is to be discharged by the payment of three hundred and fifty one dollars and ninety four cents ($351.94) with interest thereon from the 6th day of March, 1894, till payment, and costs of plaintiffs by them about their suit in this behalf expended; to which order of the court in entering said judgment upon the said finding the defendants, by counsel, except; and upon motion of the defendants, a stay of execution is granted for the period of thirty days." From this judgment the defendants obtained a writ of error, and, among various errors assigned, insist that the circuit court erred in hearing and determining the case without pleas filed or issue joined.

In the absence of agreement to the contrary, it has long been the settled law that such proceeding on the part of the court with or without a jury is erroneous. *Railroad Co.* v. *Faulkner,* 4 W. Va. 180; *Brown* v. *Cunningham,* 23 W. Va. 111, cases cited. The result arrived at in this case proves the necessity of such rule. The plaintiffs sue for an alleged default on the part of the sheriff as to two certain sums of money, one of one hundred dollars, the other of five hundred. No pleas are filed. The matter is referred to the commissioner to ascertain whether the plaintiff is entitled to recover these sums. The defendants satisfy the commissioner they are paid. The plaintiff then claims

the defendants owe him certain other sums not accounted
for, and the commissioner so finds, and reports the same to
the court, over the objections of the defendants.  These ob-
jections are submitted to the court, which overrules them,
and enters a judgment against the sheriff and his sureties
for a default on his official bond, not sued for, or in any
manner put in issue by proper pleadings.  The purpose of
section 10, chapter 129, Code, was not to do away with or
change the rules of pleading, but only in the case of intri-
cate accounts to have a commissioner make a statement of
such accounts to aid the court to reach a just conclusion in
determining issues properly joined.  The declaration in
itself contains nothing to justify a reference to a commis-
sioner, and there is no other pleading in the record.  It
was, therefore, the duty of the court not to do so itself, but
to require the parties to make an issue by proper pleadings,
or give judgment by default for the debt demanded in the
declaration.

For its error in this respect, the judgment is reversed,
and the case is remanded to the circuit court for further
proceedings therein according to law.