# CHARLESTON.

EUGENE LAURENZI v. JAMES E. PEPPER DISTILLING Co.

Submitted April 4, 1922.    Decided April 18, 1922.

JUDGMENT—*Conclusive Between the Parties and Their Privies Upon Questions Involving the Merits, Whether Pleaded or Not; Special Pleas of Former Adjudication Should be Filed.*

The judgment of a court of competent jurisdiction on the merits is conclusive upon the parties and their privies upon every question necessarily involved or brought within the legitimate purview of the subject matter of the action, whether actually pleaded or not, and may be pleaded in bar and estoppel when put in issue in another suit between the same parties or their privies, and special pleas pleading such former judgment in bar of a new action brought in the same or another court should be filed.

Certified from Circuit Court, Kanawha County.

Action by Eugene Laurenzi against the James E. Pepper Distilling Company. Questions involving rejection of two pleas and the admission of another are certified for review.

*Rulings reversed in part; Motion to strike out pleas overruled.*

*E. B. Dyer* and *Morgan Owen,* for plaintiff.

*Brown, Jackson & Knight,* for defendant.

MILLER, JUDGE:

The questions certified involve the sufficiency of the defendant's special pleas Nos. 1 and 1-A, rejected, and No. 1-B, admitted by the circuit court.    Several other special pleas along with the general plea of non assumpsit were also tendered and filed by defendant, but the questions presented thereby are not certified to us for decision.

The declaration contained the common counts in assumpsit, without a bill of particulars, and also a special count which set out and plead in detail the contract relied on as the basis of plaintiff's action. ' Each of the special pleas sought to interpose the defense of res adjudicata and estoppel. Plaintiff sued as assignee of the contract alleged to have been entered into on March 17, 1915, between defendant and the Sambucetti & Company, a corporation, the material parts whereof, set out in full in the said special count, are as follows:

"Sambucetti & Co. agree to purchase One Hundred (100) barrels, Spring 1911 Jas. E. Pepper, and One Hundred (100) barrels Spring '12 Jas. E. Pepper at 55 cts. less 2% for cash, plus carrying charges from date of entry in bond to date.

\*    \*    \*    \*    \*    \*    \*

"In consideration of the above purchase, we (Jas. E. Pepper Dist. Co.) agree to the following conditions:

"First:    Sambucetti & Company is to have the benefit of

any and all advertising done in Memphis, either in Newspapers, bill-board or any other manner, should any be done in this territory.

"Second: Sambucetti & Co. is to have the sole agency in Memphis for the period of two (2) years. * * *

"Twelfth: Option is hereby given to Sambucetti & Co. to purchase an additional hundred (100) barrels Spring '11 or two hundred barrels or part Spring '12 and the option for the elevens may be exercised at any time between now and Nov. 1st, 1915, and the option for the twelves any time between now and Nov. 1st, 1916. These to be billed to them at 55 cts. less 2% plus carrying charges. We further agree to give them option on an equal number of barrels of 13, 14 and 15's, which option they may exercise on or before Nov. 1st, of each year.

"Should Sambucetti & Co. exercise their options, the sole agency is to be extended one year for each year's purchase, prices herein stipulated governed during continuance of agency.

"Fourteenth: Should Sambucetti & Co. not bottle all of their elevens and twelves within the specified time of two years they have the privilege of bottling under this contract and at the prices stipulated, any time thereafter.

Dated March 17, 1915."

After so setting out and pleading said contract of March 17, 1915, said special count proceeds to allege in substance that said Sambucetti & Company did not exercise its privileges or options given by paragraph 12 of said contract, whereby said contract expired and became of no effect; but that on November 4, 1915, the parties thereto entered into another contract in writing, signed by defendant and accepted by Sambucetti & Company, as follows:

"Nov. 4, 1915.

We have agreed to sell Sambucetti & Co. one hundred barrels late months 1911 and two hundred barrels spring 1912, James E. Pepper Whiskey at 47 1-2 cents per gallon in bond plus carrying charges to date.

All warehouse receipts to be certified by Lexington Bank & Trust Co. Terms: Cash.

For and in consideration of this purchase we hereby agree that the whiskey hereby sold is to be bottled under the terms agreed to in the previous and 1st purchase from us. We further agree that the options extended in our previous and last contract are renewed and the contract price reduced in all options to 47 1-2 cents plus carrying charges to date. We agree to exchange elevens for twelves if wanted.

James E. Pepper Distilling Co.,

By James Wolf, Pres.

Accepted:

Sambucetti & Co.,

Per E. Laurenzi.''

After so averring said last described contract the special count further avers that under the terms thereof said Sambucetti & Co. purchased and paid for the 100 barrels late months 1911, and 200 barrels spring 1912; that on August 14, 1917, the said Sambucetti & Co. elected to purchase under said *extended* option from the defendant all the barrels of spring '13, '14 and '15 James E. Pepper whiskey, as provided for in the *renewal* of options in the second contract of November 5, 1915; but that the defendant not regarding its said promises, undertakings and agreements, refused to sell or deliver to said Sambucetti & Co. any of the whiskey of '13, '14 and '15, although often requested by said Sambucetti & Co. after its election aforesaid.

The declaration then avers the manner in which plaintiff derived his title by assignment to the original rights of Sambucetti & Company, which are not questioned, and that defendant since then on his demand has refused to sell and deliver to him the whiskey of the years 1913, 1914 and 1915, to the damage of the plaintiff $100,000.00, wherefore he sues, etc.

Each of the three special pleas under consideration pleaded and relied on the judgment of the District Court of the United States for the Northern District of Illinois, Eastern Division, in favor of the defendant, pronounced on March 25, 1919, in the suit of said Sambucetti & Company against the said James E. Pepper Distilling Company, upon the pleas of the defendant filed therein, and affirmed upon writ

of error prosecuted by plaintiff therein, by the United States Circuit Court of Appeals for the Seventh Circuit, on March 30, 1920, the record of which cause in the said District Court and in the said Circuit Court being vouched or proffered with each plea, and wherein it is averred that said judgments in both of said courts remain in full force, not reversed, set aside or modified in whole or in part. Plea No. 1 identifies the plaintiff therein with the plaintiff's assignor in this case, and the defendant herein as the same as the defendant in said suit in the Federal courts, and avers that the contracts or cause or causes of action in the present suit are the same pleaded in said former suit, and as finally adjudicated against plaintiff therein, and that plaintiff herein is concluded and estopped thereby.

Special plea No. 1-A, in addition to the matters pleaded in plea No. 1, avers that the contract pleaded in the action in the Illinois court is the same as that sued on in this action.; that the action in Illinois originated in the Municipal Court of Chicago, and was from there removed into the District Court of the United States for the Northern District of Illinois, where final judgment *upon the merits* of the cause was pronounced upon March 25, 1919, and which was affirmed upon writ of error by plaintiff therein, by the United States Circuit Court of Appeals, Seventh Circuit; that the cause of action therein is the identical cause of action and demand sued for in the present suit; that the contract of March 17, 1915, set out in full in the second count of the present declaration, is the same identical contract pleaded in said suit in Illinois, and predicated on the same identical demand of August 14, 1917, for the whiskey of 1913, 1914 and 1.915, and the failure of defendant to furnish the same, which contract being vouched with the complaint in said former action, defendant made defense thereto, among other things, that the facts alleged in reference thereto created no liability upon defendant because of the expiration of the options given therein before the alleged acceptance thereof, and for other reasons, and all of which being considered by the court, it was therein and thereby and thereon adjudicated that no liability existed and because thereof that plaintiff's suit be

dismissed. After vouching the record of said judgments in Illinois, this plea further avers that by said judgments said contract of March 17, 1915, constituted an agency contract, expiring March 17, 1917, because of the failure of the plaintiff to accept the option given thereby to purchase the 1912 whiskey on or before November 1, 1916, and that having failed to so elect and take said whiskey, no right accrued or could have accrued under the contract to take under said option the whiskey of the subsequent years 1913, 1914 and 1915; and all of which matters were by the judgments in Illinois fully determined upon the merits of the case and are *res adjudicata* between defendant and the said Sambucetti & Company and its privies; that by said option defendant assumed to furnish of the liquor of said years only such number of barrels as would equal the number of the 1912 whiskey which Sambucetti & Company should elect to take within the time specified, on or before November 1, 1916, and as it had elected to take none, it was not entitled to demand any of the 1913, 1914 or 1915 whiskey.

This plea also denies that the alleged contract of November 4, 1915, constituted a new contract except for the 1911 and 1912 whiskey thereof, bought and paid for, and mentioned in the first paragraph thereof, which constituted no part of the whiskey provided for and referred to in said original contract, but was a modification as to price only, and did not constitute any new or different option, but a renewal only of the previous ones, subject to all the terms and conditions, except as to price, contained in the original contract, and that defendant's refusal to deliver the whiskey of 1913, 1914 and 1915 on the said demand of August 14, 1917, constituted no breach of the contract pleaded, as was adjudicated by the Illinois court aforesaid.

Plea No. 1-B is substantially the same as plea No. 1-A. But in addition and with more detail, and in answer to the averments of the declaration that the original contract pleaded had on November 4, 1915, expired, and that the contract of the later date constituted a new and independent contract, it avers that at all times after November 4, 1915, and up to March 17, 1917, when the agency of Sambucetti & Company

expired, said original contract continued in full force and effect, except as modified by the contract of November 4, 1915, and during all that time was so recognized and treated by the parties, and that Sambucetti & Company continued to act as the agents of defendants thereunder, and to sell and distribute its products as provided therein, and retained and collected commissions therefor, without claim or suggestion that said original contract had been abrogated or superseded by that of November 4, 1915, and moreover that the request and demand of August 14, 1917, relied on and pleaded, as shown on its face, was made with reference to said original contract and is the same identical demand pleaded and relied on in the suit in the Illinois courts; that it was decided in said former suit that the option as to the 1913, 1914 and 1915 whiskey depended on the exercise by plaintiff of the option as to said 1912 whiskey, within the life of the original contract, which expired by the terms of that contract prior to August 14, 1917, the date of the demand, and whereby all dependent options to take the whiskey also expired.

If permitted to look to the record of the Illinois courts proffered with these pleas and made a part thereof, it appears that the amended complaint or claim of the plaintiff therein had attached to and made a part thereof the said original contract of March 17, 1915, and based the claim and rights of plaintiff on paragraph twelve thereof, and pleaded said paragraph in full, and that by way of interpretation of the said paragraph, and as the basis of plaintiff's rights it is further averred that: "This paragraph of said contract provided, and it was so understood by both parties thereto, that on or any time prior to November 1, 1917, there was reserved to the plaintiff the right to purchase from the defendant two hundred barrels of whiskey of the year 1913 inspection at and for the prices and upon the terms mentioned in said contract; and that there was further reserved to the plaintiff the right to purchase two hundred barrels of whiskey upon like terms and conditions of the year 1914, inspection, such right to be exercised on or at any time prior to November 1, 1918, and that there was further reserved to

the plaintiff the right to purchase two hundred barrels of whiskey upon like terms and conditions of the year 1915, inspection, such right to be exercised on or at any time prior to November 1, 1919.''.

And it was also averred as the basis of plaintiff's rights under the contract that: ''The plaintiff subsequent to March 3, 1917, and on or about August 14, 1917, and prior to November, 1917, duly elected to exercise the option reserved to it in said paragraph•of said contract and to purchase all the whiskey permitted under said option for each of the years 1913, 1914 and 1915, respectively at and for the prices and upon the terms and conditions named and stipulated in said contract, and said plaintiff duly notified the defendant of this said election prior to said November 1, 1917, so that under said contract, the defendant became and was obliged to sell to the plaintiff, at and for the prices and upon the terms mentioned in said contract six hundred barrels of whiskey, two hundred for each of the years 1913, 1914 and 1915 inspection. But the defendant refused and neglected and still refuses to sell or ship to the plaintiff any whiskey whatever of the years 1913, 1914 and 1915 inspection at and for the price named and upon the terms and conditions stipulated in said contract, but says the plaintiff is not entitled to any whiskey whatever under and by virtue of said option, whereby the plaintiff is damaged to the extent of Seventy-five thousand ($75,000) dollars.'' But we are only testing the sufficiency of the pleas as pleadings. We are not trying the issues, by the record or any other evidence; and in a law suit we can not properly look to the exhibits or record proffered or filed as exhibits. *Pingley* v. *Pingley,* 84 W. Va. 433.

It is true, as averred in the present declaration, that the contract of November 14, 1915, was not specifically pleaded nor was any reference to it made in the complaint in the Illinois court. But the acceptance of August 14, 1917, pleaded in the present suit is identical with that pleaded and relied on in the suit in Illinois. And if the contract is as averred in pleas Nos. 1-A and 1-B, then the contract of November 4, 1915, .constituted no new contract, except as to

the 1911 and 1912 whiskey, then purchased and paid for, and the other provisions thereof amounted to nothing more than a modification of the original contract as to price, and a *renewal* of the options extended in that contract, not an extension of those options as alleged in the declaration in this case. If the contract is as averred, it renewed not one, but all options extended in the original contract, and is necessarily subject to the terms and conditions thereof relating to acceptance and the terms of acceptance and continuance of the agency. And so far as the option to take the whiskey of 1913, 1914 and 1915 is concerned, the rights of the plaintiff, except as to price, would depend wholly upon compliance by it with the conditions. The quantity of the latter years would depend on the quantity of 1912 whiskey taken under the options given Sambucetti & Company therefor. And it is alleged to have been so decided in the Illinois courts. Of course the time for acceptance of the option for the 1911 whiskey had expired on November 4, 1915, and if it be as alleged in the declaration, the new contract did not specifically refer to or renew that option; and it is not averred and it does not appear therefrom that the whiskey of 1911 and 1912 then furnished was intended to be in lieu of the options given therefor in the original contract and acceptance thereof by plaintiff. The later contract would hardly bear this construction, and such fact is not averred. It is provided, however, in the renewal contract that; ''We (defendants) agree to exchange elevens for twelves if wanted.'' This provision may have been intended to give Sambucetti & Company, when exercising the right to purchase twelves, to take elevens instead, but there is nothing in the new or modified contract as averred excusing Sambucetti & Company from electing to accept the option for twelves as a dependent condition of exercising the option extended it for the products of the later year.

So that, after all is said and done, the rights of Sambucetti & Company to demand and receive the whiskey of the last three years, except as to price, would seem to depend upon the renewed option therefor given by the new contract, and for that right the original contract necessarily had to be

resorted to, as it is in the declaration in the present suit; and the only important bearing the new contract would seem to have upon the old and the option therein renewed was as to the price stipulated; wherefore it became and was necessary to plead and rely on the original contract pleaded; and we are here presented with the question whether the judgment of the Illinois court pleaded in each of these pleas, if sustained by the record, would be res adjudicata of the rights of the plaintiff in the present suit.

In our opinion each of these pleas is good, and if sustained by the record or other evidence when the issues thereon are tried, they will constitute a complete bar and estoppel to the present suit.

What is the subject of the present action? Is it not the damages which plaintiff alleges were sustained by plaintiff's assignor by the alleged breach of the defendant to deliver to it the whiskey of 1913, 1914 and 1915, upon the election and demand of August 14, 1917? According to these pleas this was the identical cause of action set up and relied on in the Illinois suit. As alleged in the declaration and averments in the pleas, there is not only identity of causes of action but of the parties and of the facts involved in the two suits. In neither action would plaintiff's right accrue without averment and proof of the option extended under the twelfth paragraph of the contract of March 17, 1915, acceptance thereof by it, and full compliance with the contract on its part.

According to the pleas the Illinois court decided adversely to plaintiff on the issues presented by the pleadings and necessarily involved therein; (1) that the plaintiff's agency at the time of its election in August 1917 had expired; (2) that it had not within the terms of the option elected to take any of the 1912 whiskey; (3) that its right to take the whiskey of 1913, 1914 and 1915 and the quantity under the option therefor was dependent upon its election to take, and the quantity of the 1912 whiskey taken, which if nil, would preclude its right to exercise the option to demand or take any of the later products. It is settled law in this state that an adjudication by a court having jurisdiction of the subject

matter and of the parties is final and conclusive, not only as to the matters actually determined, but as to every other matter which the parties might have litigated as incident thereto and coming within the legitimate purview of the subject-matter of the action; and that it is not essential to the application of this principle that the matter should have been formally put in issue in the former litigation, but it is sufficient that the status of the suit was such that the parties might have had the matter disposed of on its merits. *Roller* v. *Murray*, 71 W. Va. 161; *Alderson* v. *Horse Creek Coal Land Co.*, 81 W. Va. 411; and the numerous cases cited. It is wholly unnecessary to again review the cases on this subject, so well done in the principal cases cited. The rules are universal. The difficulty always is to properly apply them. The cases of *State* v. *McEldowney*, 54 W. Va. 695, and *Perdue* v. *Ward*, 88 W. Va. 371, cited and mainly relied on by plaintiff's counsel, when considered in the light of the facts involved therein, contain nothing impeaching or detracting from the principles of the later cases cited. Indeed they recognize these principles.

In the present case all that appears to be relied on to remove it from the application of the general rule stated, is that in the case in Illinois the contract of November 4, 1915, was for some unexplainable reason not pleaded. But as alleged, that contract, so far as plaintiff's right to the whiskey demanded August 14, 1917, would seem to amount to nothing except to revive the dead options given by the original contract and to reduce the price; but if the renewed options had been accepted under its terms, the reduced price would necessarily have been drawn into question in determining the amount of the damages which plaintiff would have been entitled to recover for any breach of the contract, and within the principles stated would have been adjudicated in the action, and any rights thereunder would have been concluded by the judgment.

· In our opinion all these pleas were good on their face, and Nos. 1 and 1-A, as well as 1-B, should have been filed; and we will so certify.

POFFENBARGER, PRESIDENT, concurring in part:

I agree that the pleas in question in this case are sufficient.

I do not concur, however, in certain observations found in the latter part of the opinion, which may be taken as indications or suggestions to the court below, as to the disposition to be made of the case, on the issues that may arise on the pleas. The opinion admits that the only question we have is that of sufficiency of the pleas. Nevertheless it confuses the question of their sufficiency with the construction of the contract of November 4, 1915, saying in one place that it "would hardly bear" a certain construction, and that a certain clause in it cannot be assigned a certain function in its interpretation. Then it is further asserted that the cause of action and the facts in the former case and in this one are identical. I do not agree that a former judgment or decree between the same parties is always *res judicata* as to everything they could have litigated in the former suit. Nor do I concur in what is said in the next to the last paragraph of the opinion.

The construction of the contract of November 4, 1915, properly arises upon the issues made on the pleas, or rather to be made upon them. Those issues have not yet been made and are not in any sense before us. They have not yet been made up, and, when made up, they may be entirely different from what the opinion seems to assume they will be. If they were made up, they would be for decision by the court below in the first instance, and I know of no authority for our anticipation of the future course of litigation and intervention by way of direction thereof. The court below should be permitted to approach the new issues in the case, untrammeled by any suggestions from this bench.

*Rulings reversed in part; Motion to strike out pleas overruled.*