# CHARLESTON.

WESTERN MARYLAND RAILWAY COMPANY v. J. E. CROSS, ETC.

Submitted October 10, 1922.   Decided October 17, 1922.

1. CARRIERS—*Declaration   to   Recover   Charles From   Consignor
   Not Demurrable Because Failing to Aver Delivery to, and
   Promise by, Consignee.*

   In an action by a railroad to recover from the consignor
   the freight charge for carrying a car load of coal in inter-
   state commerce, the declaration is not demurrable because it
   fails to name the consignee, or to aver the delivery of the coal
   to, or non-payment of the freight charge by, the consignee,
   where it shows the coal was shipped by the consignor, that
   he made an unconditional promise to pay the freight charges;
   and has failed and refused to pay it.   (p. 11).

2. TRIAL—*Judgment Rendered in Case Tried Without an Issue.
   Reversed on Appeal.*

   Where an action at law is submitted by the parties to the
   court for trial, it is error for the court to try and determine
   the case in the absence of an issue, and a judgment entered
   upon its findings in such case is erroneous and will be re-
   versed.   (p. 11).

Error to Circuit Court, Mineral County.

Action by the Western Maryland Railway Company
against J. E. Cross, trading, etc.   Judgment for plaintiff, and
defendant brings error.

*Reversed and remanded.*

*Arthur Arnold,* for plaintiff in error.
*Chas. N. Finnell,* for defendant in error.

MEREDITH, JUDGE:

Plaintiff recovered a judgment in assumpsit against de-
fendant for $161.50, the aggregate of principal and interest
of a freight charge for carrying a car of coal from Angle
Siding, Mineral County, to Greenwich Piers, Philadelphia.

Defendant insists that his demurrer to plaintiff's declara-
tion should have been sustained.   The declaration shows

that plaintiff is an interstate carrier and with its connections forms a continuous line of railroad from Angle Siding to Greenwich Coal Piers; that it had certain tariff rates in effect fixing the cost of carrying coal, and the rate between the two points was fixed at $2.98 per gross ton; that on September 21, 1920, defendant caused to be shipped over the plaintiff railroad from Angle Siding to Greenwich Coal Piers a car load of coal, and that the freight charge thereon, including war tax, amounted to $152.37, and which sum the defendant promised and agreed to pay to plaintiff, but that he has failed and refused to do so; this is the substance of the declaration. It will be observed that it does not name any consignee nor aver delivery of the coal to it, nor negative payment by it; it does however, in plain terms aver shipment by defendant, and his unconditional promise and refusal to pay. We think this is sufficient. The real question which defendant by his counsel attempts to raise on demurrer is whether the consignor can be compelled to pay the freight charge on a shipment made collect, when the carrier has delivered the freight to the consignee without collecting the freight charge from it; that question does not arise on the declaration as drawn. We think the declaration states a cause of action and the demurrer was properly overruled.

The case was tried by the court in lieu of a jury; the evidence adduced consists of an "agreed statement of facts," and certain depositions taken by defendant. On examining the record, we find the defendant filed no plea denying plaintiff's demand, nor any plea alleging damages occasioned by plaintiff's wrongful or unlawful delivery of the coal to the consignee without collecting the freight charge, nor any failure on the plaintiff's part to carry out the contract of shipment and to collect the freight charge. The case was not submitted to the court on a "case agreed," as in *Sawyer* v. *Corse*, 17 Gratt. Va. 239, but was submitted to the court to be heard, tried and determined by it, in lieu of a jury; the court occupied precisely the same relation to the case that a jury would have done if the case had been tried by a jury.

*Baltimore & Ohio Railroad Co.* v. *Faulkner,* 4 W. Va. 180; *Ramsburg, Coogle & Co.* v. *Erb,* 16 W. Va. 782; *Stevens* v. *Taliaferro,* 1 Wash. (Va.) 155.

''It is well settled that if a verdict has been rendered without any issue being joined it is a mere nullity' and no judgment can be properly rendered upon it, whether it be in a civil or criminal action.'' *Brown* v. *Cunningham,* 23 W. Va. 109; *B. & O. Rd. Co.* v. *Gettle,* 3 W. Va. 376; *State* v. *Brookover,* 42 W. Va. 292, 26 S. E. 174; 8 Ency. Dig. Va. & W. Va. Reports, 295.

It was held in the case of *Baltimore & Ohio Railway Co.* v. *Faulkner, supra,* ''If the intervention of a jury is waived and the evidence is heard by the court and judgment rendered, without issue having been joined, it is equally erroneous as though the case had been tried by a jury.''

It appears from the record that the coal was shipped ''freight collect''; no bill of lading was issued. The plaintiff delivered the coal, probably without collecting the freight charges from the consignee; though whether they were so collected does not affirmatively appear. Whether plaintiff is entitled to collect from the consignor after the carrier has made delivery without collecting the freight charges, contrary to Acts of Congress, 41 Stat. L. 479; Fed. Stat. Ann. Sup. 1920, p. 100, 1922 Sup. Barnes' Fed. Code, Sec. 7886, it would be improper for us to discuss on this hearing.

It was error for the court to try the case in the absence of an issue, and to enter judgment on its finding. We will therefore reverse the judgment, set aside the finding of the court, and remand the case for a new trial.

*Reversed and remanded.*