(No. 6622)

Submitted February 4, 1930.   Decided February 18, 1930.

*Dillon, Mahan & Holt,* for plaintiff in error.
*Osenton & Lee,* for defendant in error.

WOODS, JUDGE:

Plaintiff, National Surety Company, furnished a sheriff's bond for the defendant, C. A. Conley, the sheriff of Fayette County in the penalty of $50,000.00 upon his election to that office for the term beginning January 1, 1921. As a part of the consideration for executing such bond the defendant, Conley, entered into an indemnity contract by which he agreed to indemnify and keep indemnified, and save harmless, the plaintiff as his surety from and against all liabilities, demands, losses, damages, etc., "including counsel and attorneys fees which it (plaintiff) shall at any time sustain or incur by reason of or in consequence of having executed the bond or undertaking." Subsequently the sheriff appointed N. C. McGinnis a deputy, of whom he required an indemnifying bond in the penalty of $3,500.00 which was executed by the said N. C. McGinnis, and the National Surety Company as surety, payable to the said C. A. Conley, on the condition that the said sheriff would be saved "harmless by reason of said appointment".

This action of assumpsit was brought in the circuit court of said county, to recover certain fees expended by the plaintiff in making defense of two suits in the said circuit court, wherein the plaintiff, as surety, was sued jointly with Conley. However, this writ of error involves the fees for one of the actions only, the other having been settled and by agreement of parties is not to be considered in the determination of this cause. The suit material to the issue here was brought September 21, 1922, and styled State of West Virginia at the relation of C. L. Warren, Administrator, vs. C. A. Conley and National Surety Company, wherein the plaintiff sought to re-

cover damages in the sum of $10,000.00. N. C. McGinnis, a deputy sheriff, in attempting to arrest Elzie Warren, a son of the said C. L. Warren, shot and killed the said Elzie Warren. C. L. Warren, the administrator of the estate of his son, instituted said suit against the sheriff and his surety on his bond, claiming damages for the wrongful death of the said Elzie Warren. To defend said suit, the National Surety Company employed counsel, and the case was tried and a verdict of $1,000.00 rendered in favor of plaintiff. The trial court set aside this verdict and the plaintiff applied to this Court for writ of error, which was refused, and afterwards the case was again set for trial and finally dismissed. A non-suit was taken by the plaintiff and never reinstated on the docket. Time has long since barred the institution of another suit before the institution of this action. The recovery herein is based upon the aforesaid indemnity contract executed by the defendant, C. A. Conley, to the National Surety Company.

Another action for the same alleged misconduct was simultaneously brought by the administrator of Elzie Warren on the pistol bond of N. C. McGinnis and his surety, the National Surety Company, in the sum of $3,500.00. N. C. McGinnis employed counsel to defend in the last two mentioned actions at law, and the National Surety Company likewise defended both actions by its attorneys. Notwithstanding the fact that the case on the sheriff's bond was dismissed as to the National Surety Company, because of insufficient service of process, its counsel continued in that case and assisted in its defense. The defendant, Conley, in the instant action, pleaded the general issue and a special plea setting up as a set-off and defense a breach of the bond of his deputy McGinnis, and the consequent effect thereof on the sheriff's bond. The case was thereafter submitted to the court for trial in lieu of a jury upon an agreed statement, which set out, in addition to the foregoing facts, that the deputy McGinnis was insolvent at the time of the institution of the said suit against him, and is so now, and that Conley is now, and was at the time the Warren action at law was pending, solvent and worth many times the amount involved therein, in real estate as well as personal property. The court found for the

592

defendant. It is from the judgment on such finding that the plaintiff, National Surety Company, prosecutes this writ of error.

The first point of error is that the special plea does not show a defense, and that the court erred in not striking it from the record on its motion. At the reception of the plea it was replied to generally, and no motion was made touching the question of its sufficiency until after the court had announced its finding on the agreed statement of facts. Not only did it go unchallenged throughout the trial, but by the said statement it was agreed that the court should "try and determine said case upon facts and exhibits without the formality of pleas or pleadings on the part of the plaintiff or defendant, to the end that the real issue between the parties may be determined." This agreement merely accords with the well recognized rule that in such case it may be submitted to the court without a plea as well as with one, and that any defect of pleading is cured by the agreement. *Sawyer* v. *Corse*, 17 Grat. 230. Thus, we are brought to the one issue of whether the surety company has made out a case of liability against the defendant. It is a general principle of law that any matter may be set up as a defense to an action on a contract of indemnity, where it is germane to the cause of action pleaded and presents a legal reason why the indemnitee should not recover. 31 C. J., p. 459. So, in the instant case the defendant was entitled to judgment, if the facts stated afforded him a defense of which he might have availed himself under any form of pleading. *Sawyer* v. *Corse, supra.* However, the court below may have drawn any inference from the facts agreed upon which a jury might have drawn. *Dearing* v. *Rucker*, 18 W. Va. 426; *Ramsburg* v. *Erb*, 16 W. Va. 777. Tested by the foregoing rules, was the judgment warranted? Had this litigation been confined alone to the bond of the sheriff his liability for counsel fees would have been plain. But the bond of indemnity given by the deputy enters into the equation. The plaintiff, National Surety Company, is surety in both bonds. By the provisions of the latter the sheriff was expressly to be "saved harmless" by reason of the deputy's appointment. The fees sued for here were in-

curred by litigation brought about by reason of the alleged misconduct of the deputy. The surety company executed the deputy's bond in the light of the bond it had already become surety in for the sheriff. Had there been a recovery on the sheriff's bond, the plaintiff would have been liable therefor as surety on the indemnity bond to the extent of its penalty. By its defense of the suit on the sheriff's bond, the surety company was in effect protecting itself under the latter obligation. Conley was solvent and worth many times the amount involved in the action. The surety company therefore was in no danger of loss on account of its suretyship on his bond, for if judgment had been rendered therein and collected from the surety company, it could have required Conley to reimburse it under the terms of its indemnity contract. The situation was different in regard to the suit on the indemnity bond. McGinnis was insolvent. The surety company was thereby cut off from any recovery back from him in the event of judgment which it would be called upon to pay. In the absence of an express declaration in the agreed statement of fact that the attorney fees sued for were expended solely on account of the action brought on the sheriff's bond (the Hubbard & Bacon fees extending to both cases and no apportionment being made) a fair inference from the evidence and exhibits would support a finding of the court that the fees here in litigation were expended because of the liability which would have resulted to the surety company on account of its indemnifying bond in case of a recovery in an action against Conley. This inference is accentuated by the fact that its counsel continued to defend the action on the sheriff's bond after its dismissal therefrom because of a defective service of process. But if not so, the surety company would be bound to re-imburse Conley for counsel fees which he would be required to pay under his indemnity contract by the express provisions of the bond given to him by his deputy. Either conclusion would be justified and supports the judgment of the trial court.

*Affirmed.*