MARY ROSE SHAHAN v. CREED JONES, et al.

(No. 7918)

Submitted September 11, 1934.   Decided December
22, 1934.

*Herbert M. Blair,* for plaintiff in error.
*Steptoe & Johnson* and *Chesney M. Carney,* for defendant in error.

LITZ, JUDGE:

Plaintiff, Mary Rose Shahan, who sues by her father, Sanford R. Shahan, as next friend, recovered a judgment of $750.00 against defendants, Creed Jones and O. O. Eckels, for personal injury sustained by her when struck by an automobile belonging to Jones and operated by Eckels.

She was eleven years of age at the time of the accident, which occurred on the public road in the village of Bristol, Harrison County, West Virginia, about eleven A. M., August 13, 1932.   Jones manufactures and sells, under the trade name of Weston Granite & Marble Works, gran-

ite and marble monuments. Eckels was, at the time, in his employ as traveling salesman, selling the finished products of the business. The car was used by Eckels, when necessary, in covering his territory.

The evidence for plaintiff shows that she entered the road to the left of the automobile driven by Eckels, and, crossing to the opposite side, turned to the left, and was proceeding along the side of the road, with her back to the car, at the time of the collision. The automobile dragged her fifty feet and traveled one hundred feet further before stopping.

The evidence for defendants tends to prove that plaintiff, on her way across, hesitated about the middle of the road as if to retrace her course, and, continuing, was struck before reaching the opposite side; and that Eckels, after checking his car, about the time plaintiff reached the center of the road, accelerated its speed. Jones and Eckels testified that the latter was off duty at the time, driving the car on his own account.

Jones, who alone appeals, assigns as error the insufficiency of the evidence to support the findings (a) of negligence on the part of Eckels, and (b) of the relation of principal and agent or master and servant between defendants. Error is also predicated upon the rulings of the trial court in the admission and exclusion of evidence and the granting and refusal of instructions.

The action of Eckels, in speeding up his car immediately before the impact, approximated, if not amounting to, negligence as a matter of law. He offers as his only explanation for increasing the speed of the car immediately before the impact, that he assumed the plaintiff, when she hesitated in the center of the road, had decided to turn back. Two cars were then approaching from the opposite direction within his view, one of which was so close that the plaintiff could not have attempted to return to the opposite side of the road without danger of coming in contact with it.

Giving Eckels the benefit of the doubt by assuming that his negligence was a question for the jury, the trial court did not err in refusing instructions 5 and 7, re-

quested by defendants, presenting the theory of unavoidable accident due to "heedless acts on the part of the child." Eckels cannot justify his indifference upon the theory of unavoidable accident by saying that he thought the child had decided to turn back, when, in doing so, she would have encountered a car coming from the other direction, plainly visible to him. The law will not sanction such a gamble with human life. The complaint of Jones against instruction 3, granted to plaintiff without objection, cannot be considered.

The main reliance of Jones for reversal is the alleged insufficiency of the evidence to prove that Eckels was operating the car as his agent or employee.

Eckels says he was, at the time of the accident and had been for several days prior thereto, off duty on a vacation, using the car for his own benefit, and was, at the time, returning from a trip to Akron, Ohio, to visit his daughter and to sell, or deliver to purchasers books of poetry written by himself. In the absence of proof, Eckels is presumed to have been driving the car for the benefit of Jones. "In an action for recovery of damages resulting from a collision with an automobile, proof that defendant was the owner of the automobile that caused the injury and that the injury was the result of the negligence of the driver thereof creates a presumption that the driver when the collision occurred was in the service of the owner and operating it on his account." *Jones* v. *Cook,* 90 W. Va. 710, 111 S. E. 828; *Ercole* v. *Daniel,* 105 W. Va. 118, 141 S. E. 631. Plaintiff in error contends that he has met the presumption of law by the testimony of himself and Eckels that the latter was, at the time of the injury, operating the car on his own account; and that there is not sufficient countervailing evidence or circumstances to carry the issue to the jury. Eckels admits that the territorial extent of his employment with Jones was unlimited. W. B. Gum, chief of police of Salem, Harrison County, West Virginia, testified that Eckels told him at the scene of the accident, and a short while thereafter, that he was "traveling for the Jones Marble Works at Weston." Sanford R. Shahan testified that he

attempted negotiations with Jones to settle the claim for damages on two occasions, prior to the institution of suit, and that Jones did not, on either occasion, contend that Eckels was driving the car on his own account at the time of the accident.

As the relation between Eckels and Jones seems to have involved a "roving commission" from the latter to the former, the alleged use of the car by Eckels to sell and deliver his literary productions was not substantially different from his use of it in the sale of monuments. In fact, he admits that he often solicited orders for his works while traveling for Jones. It is our conclusion that the trial court was justified, from the evidence and circumstances, in submitting to the jury the issue of whether Eckels was, at the time of the injury, operating the automobile as the agent of Jones.

The judgment, complained of, is affirmed.

*Affirmed.*