HELEN M. JENKINS *v.* E. PAUL SPITLER *et al.*

(No. 8708)

Submitted October 4, 1938. Decided October 18, 1938.

*Price & McWhorter,* for plaintiffs in error.
*Mahan, Bacon & White,* for defendant in error.

RILEY, JUDGE:

The plaintiff, Helen M. Jenkins, brought this action at law in the Circuit Court of Greenbrier County against E. Paul Spitler, Otis Perry, and Herbert M. Campbell and Howard B. Campbell, trading and doing business as Campbell Brothers, to recover damages for alleged personal injuries caused by a collision between the automo-

bile in which she was riding and the automobile owned by the defendants, Campbell Brothers, driven by the defendant, Otis Perry, in which the other defendant, Spitler, was riding. Spitler did not appear. Judgment was entered on a jury verdict against the two Campbells, trading and doing business as aforesaid, and Otis Perry. Campbell Brothers prosecute error.

The Campbells, as partners, were engaged in the automobile business in Nicholas County. Spitler, manager of one of their garages, with general authority to sell their cars, was loaned a used car to visit his sick wife at Staunton, Virginia. H. M. Campbell, at Spitler's request, gave the latter a specific sales price on the car, if, while on the trip, he "should happen to get a chance to sell" it; and H. B. Campbell, the other partner, helped Spitler fasten on the car dealer's license plates, and also handed to him a small package to be delivered several miles beyond Staunton. At the time the license plates were attached to the car, H. B. Campbell, according to the uncontradicted evidence of one witness, told Spitler "the brakes weren't very good, but maybe he could get by." Spitler drove the car to Richwood, West Virginia, where he induced Perry to join him on the trip. The latter drove to a point on the Midland Trail about sixty miles away where the loaned car collided with a car occupied by plaintiff and her husband, the latter driving. Perry attributed the collision to "bad" brakes, though he testified that he had tightened them after starting and "they held pretty well."

Plaintiff contends that the fact that Spitler was given express authority to sell the car on the trip and was charged with the delivery of a package for H. B. Campbell beyond Staunton caused the trip to come within the scope of Spitler's employment and made the Campbells responsible under the doctrine of *respondeat superior*. We do not agree that the case of *Cochran* v. *Michaels*, 110 W. Va. 127, 157 S. E. 173, cited as supporting this contention, is in point. There, the owner's primary purpose in permitting his employee to operate the car was for

the latter to sell it, and his use of it for another purpose was merely incidental. Here, according to H. B. Campbell, the primary purpose in permitting Spitler to drive the car was for the latter to use it for his own purpose in visiting his sick wife. His power to sell it, while so driving it, was incidental. The fact that an employer derives incidental benefits from the use of his car by an employee does not impose liability on him for his employee's negligence. *Meyn* v. *Dulaney-Miller Auto Company*, 118 W. Va. 545, 191 S. E. 558, and cases cited therein; 5 Am. Juris., Automobiles, section 380. The delivery of the package, if made, would have been another incident. In such cases, only the primary purpose for the use of the car should control. In the *Meyn* case, this court said: "Ordinarily, the owner of an automobile is not liable for injuries caused by a servant, while operating the car on his own business or pleasure, though the servant had the owner's consent. * * * This was Scanlon's (the servant's) exact situation when he went to the Shriners' picnic * * * . The fact that he had a right to sell the automobile at the picnic, and while there, was incidentally advertising the company's business, did not bring him within the scope of his employment. He was on a 'frolic of his own'." The use of the dealer's license on the car, when, under Code, 17-6-13, that was admissible only if the car was being operated for sale or demonstration, did not *ipso facto* define the purpose of Spitler's trip.

The parties stipulated in the record that the automobile was Campbell Brothers' property, and both Perry and Spitler were their employees. The effect of this stipulation is simply to create a rebuttable presumption that Spitler and Perry were acting within the scope of their employment. *Meyn* v. *Dulaney-Miller Auto Company*, supra; *Ercole* v. *Daniel*, 105 W. Va. 118, 141 S. E. 631; *Jones* v. *Cook*, 90 W. Va. 710, 111 S. E. 828; *Shahan* v. *Jones*, 115 W. Va. 749, 177 S. E. 774; 5 Am. Juris., 711, 844, sections 373, 615; Note 74 A. L. R. 944. This rebuttable presumption "is not evidence of a fact, but purely

a conclusion, having no probative force, and designed only to sustain the burden of proof until evidence is introduced tending to overcome it." 1 Jones, Commentaries (2d Ed.), 59, section 30. See also, *Buskirk* v. *State-Planters Bank & Trust Co.*, 113 W. Va. 764, 767, 169 S. E. 738; *Mack Realty Company* v. *Beckley Hardware & Supply Company*, 107 W. Va. 290, 296, 148 S. E. 122; *Dwight* v. *Hazlett*, 107 W. Va. 192, 200-1, 147 S. E. 877, 66 A. L. R. 102; Wigmore on Evidence (2d Ed.), sec. 2491; Moore on Facts, sec. 545; 1 Greenleaf on Evidence (16th Ed.), sec. 14y; Thayer on Evidence, pp. 575-6; Ency. of Evidence, Presumptions, sec. 6; 22 C. J., Evidence, sec. 88; and Annotation 95 A. L. R. 880. It does not shift the burden of proof. With the introduction of evidence it loses entirely its legal force. Only the facts which gave rise to it remain to be considered by the jury, along with the other evidence. And taking the facts of the stipulation as true, together with the other evidence relied upon to establish the application of the doctrine of *respondeat superior*, plaintiff has failed to make a case sufficiently strong to support a jury verdict on this theory.

Error is assigned to the giving of plaintiff's instructions, and particularly, to Instruction No. 6. The latter erroneously defines the effect of the presumption growing out of the stipulation between the parties. However, suffice to say that the sole objection of record to this instruction is that it does not correctly state the law. This objection is not sufficiently specific under Rule VI (e) of the Rules of Practice and Procedure promulgated by this Court. 116 W. Va. lxiii; *Saunders* v. *McCown*, 120 W. Va. 294, 198 S. E. 520; *Hale* v. *McGinley*, 119 W. Va. 565, 195 S. E. 201.

Campbell Brothers' liability is further asserted on the ground that the collision was caused by defective brakes. As heretofore suggested, there is evidence to the effect that the brakes were defective and at least one of the parties knew of the defect. This theory does not involve the relation of master and servant. If it was properly

pleaded and proved that defective brakes were the proximate cause of the collision and the defect was known to Campbell Brothers when the car was turned over to Spitler, the former, as gratuitous bailors, would be liable, and such liability would not in the least depend upon Spitler's negligence. Generally, a gratuitous bailor who, knowing of a defect in an automobile rendering it unfit for use, is liable for injuries to third persons, who are without fault themselves, proximately resulting from the defect. *Saunders System Birmingham Company* v. *Adams,* 217 Ala. 621, 117 So. 72, 61 A. L. R. 1333, and note. In *Hinsch* v. *Amirkanian,* 7 N. J. Misc. R. 274, 145 Atl. 232, the court held that where the use of an automobile with defective brakes was authorized by the owner, such evidence was sufficient to sustain a verdict against him for personal injuries to a third person. See also, note to *Johnson* v. *Bullard Company,* 95 Conn. 251, 111 Atl. 70, 12 A. L. R. 766, 778-789; *Sturtevant* v. *Pagel* (Tex. Civ. App.), 109 S. W. (2d) 556; *Collette* v. *Page,* 44 R. I. 26, 114 Atl. 136, 18 A. L. R. 74; *Saunders System Birmingham Company* v. *Adams, supra; Vaughn* v. *Millington Motor Co.,* 160 Tenn. 197, 22 S. W. (2d) 226; *Trusty* v. *Patterson,* 299 Pa. 469, 149 Atl. 717; 5 Am. Juris., Automobiles, sec. 358. Here, we are of the opinion that the evidence of defective brakes, within the knowledge of Campbell Brothers, was, though meager, sufficient under proper pleadings and instructions, to sustain a jury verdict against Campbell Brothers.

In the declaration, it is alleged that Perry, at the time of the accident, was operating the automobile in the course of Campbell Brothers' business; that Spitler was the agent, servant and employee of Campbell Brothers; and that Perry was driving the car at Spitler's special instance and request and in the interest of and in furtherance of the business of Campbell Brothers.

Besides the general theory of *respondeat superior,* the declaration is based upon two theories of negligence: (1) an excessive speed; and (2) the operation of the car on the wrong side of the road. All general allegations of

negligence are tied to these two theories. Nowhere is there an allegation of negligence under which it appears that the plaintiff sought to recover because of defective brakes. Both declaration and instructions clearly indicate that the plaintiff sought to establish Campbell Brothers' liability on the theory of master and servant alone. In no place are the latter stated to be bailors who are liable because they loaned an automobile with defective brakes.

There is authority to the effect that " * * * to render a matter *res judicata,* it is not essential that it should have been distinctly and specifically put in issue by the pleadings. It is sufficient that it be shown to have been tried and settled in the former suit." Freeman, Judgments (5th Ed.), section 695. See also *Kirk* v. *Norfolk & Western Ry. Co.,* 119 W. Va. 622, 196 S. E. 501; *Laurenzi* v. *James E. Pepper Distilling Co.,* 90 W. Va. 794, 112 S. E. 177. This authority, however, is not applicable to the instant case. Here the judgment, though final in the sense that a writ of error to this court will lie to it, is the very judgment which, together with the whole record upon which it is based, is now under scrutiny. If defective at the time of entry, it remains so on this writ of error. Not only was the matter of defective brakes not pleaded, but the question was not submitted to the jury under instructions. Only in an incidental way did the evidence about them get into this record, and then it came in by the voluntary statement of one witness. Of course, the necessity of pleading defective brakes could have been waived by agreement. *National Surety Company* v. *Conley,* 108 W. Va. 589, 152 S. E. 3; *State* v. *Brookover,* 42 W. Va. 292, 26 S. E. 174; *Sawyer* v. *Corse,* 17 Gratton (Va.) 230, 273, 99 Am. Dec. 445. But there is nothing which we could glean from the record to the effect that any such agreement, either express or implied, was had between the parties. The assertion of liability against Campbell Brothers, on the theory of defective brakes, requires that the declaration contain an allegation asserting the existence of defective brakes and Campbell

Brothers' knowledge thereof. This requirement conforms with the general rule, supported by many West Virginia cases, that in the absence of an agreement to the contrary, express or implied, the parties must join issue on proper pleadings. *Western Maryland R. Co. v. Cross,* 92 W. Va. 9, 11, 114 S. E. 438; *Shires v. Boggess,* 68 W. Va. 137, 140, 69 S. E. 466; *State v. Brookover, supra; Brown v. Cunningham,* 23 W. Va. 109, 111. Any other viewpoint would be a long step toward breaking down our well established common law practice and procedure. Great liberality, of course, should be exercised in reviewing questions of procedure so that justice will be accomplished between parties, but this liberality should never be extended to wipe out fundamental principles which work for clarity and expedition in litigation.

We are therefore of opinion to reverse the judgment as to Campbell Brothers and award a new trial, subject to the right of the plaintiff to make proper amendment to his pleadings.

*Judgment reversed and verdict set aside in part; new trial awarded as to Campbell Brothers.*