No. 22,600.

JOHN T. DALE, *Appellee*, v. M. B. ARMSTRONG, doing business as the ARMSTRONG MUSIC COMPANY, *Appellant*, et al.

### SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Injuries—Autotruck Negligently Driven by Employee—Accident While Servant was Engaged in Employer's Business.* An employer was sued for damages resulting from personal injuries sustained in a collision with an autotruck negligently driven by his employee. The employee was required to deliver a box at a stated place, and had deviated from the course of his employment to do an errand for a third person. *Held,* if the place where the accident occurred were a place where the driver, confining his conduct strictly to the business of delivering the box, might properly be, and if, when at that place, the driver's movements were impelled by a purpose to deliver the box, the jury was authorized to say he was within the scope of his employment.

2. SAME—*Rejected Evidence Immaterial.* The driver was not permitted to testify that he would not have been at the place where the collision occurred but for the deviation, and that in going on to the place of delivery he intended to make a slight detour from the most direct route. *Held,* the evidence was not material.

Appeal from Sedgwick district court, division No. 1; RICHARD E. BIRD, judge. Opinion filed June 5, 1920. Affirmed.

*J. A. Brubacher, W. D. Jochems,* and *J. Wirth Sargent,* all of Wichita, for the appellant.

*Fred B. Stanley, Claude C. Stanley,* and *Benjamin F. Hegler,* all of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one against an employer for damages resulting from personal injuries sustained in a collision with an autotruck negligently driven by his employee. The question was whether or not the driver was within the scope of his employment when .the collision occurred. The plaintiff recovered, and the defendant appeals.

The defendant's place of business is on Douglas avenue, a street running east and west in the city of Wichita. Four blocks north of Douglas avenue is the parallel street of Cen-

tral avenue. Between the two is Second street. The first street east of the defendant's place of business, which runs north to Central avenue, is Topeka avenue. East of Topeka avenue are the following parallel streets: Emporia avenue, St. Francis avenue, Cleveland avenue, and Mathewson avenue. The driver of the truck, Morris, was required to deliver a box at a residence on Mathewson avenue, north of Central avenue. Another employee of the defendant, Handley, asked the driver to take him to his home to get his overcoat. They went west on Douglas avenue three blocks to Main street, north on Main street to Central avenue, and west on Central avenue five and a half blocks to Handley's home. After Handley procured his overcoat they went east on Central avenue, crossed Topeka avenue, and had reached Emporia avenue when the accident occurred. Central avenue is paved as far east as St. Francis avenue. From there to Mathewson avenue it is not paved, and is crossed by some railroad tracks.

No complaint is made of the instructions, which submitted to the jury the question whether or not, after going for Handley's overcoat, Morris had resumed his errand of delivering the box, and was acting in the scope of his employment when the accident occurred. The jury returned the following special findings of fact, which are not contested:

"1. Q. If you find the defendant Armstrong or his agents guilty of negligence, state fully each and all acts of negligence. A. By driving carelessly, and not watching where he was going.

"2. Q. At the time the injury complained of occurred, were Ambrose Morris and H. M. Handley returning from Handley's house or home, where they had gone to get Handley's overcoat? A. No.

"3. Q. If you find Handley had gone to get his coat, and was returning from this mission when the injuries to the plaintiff occurred, then state was he getting this coat for his own personal purposes. A. He was not returning from getting his coat at the time of the accident.

"4. Q. If you answer the last question 'no,' then state fully for what purposes he was getting his coat. A. From Topeka and Central west to fifth block on West Central and return east to Topeka and Central on mission for his coat, from Topeka east on Central on mission of delivering box.

"5. Q. Was the usual and direct, regular and proper route from the Armstrong Music Company's place of business in Wichita, Kansas, to 513 Mathewson street, as follows: East on Douglas avenue to Cleveland avenue, then north on Cleveland to Central avenue, then east on Central

to Mathewson; or north on Topeka avenue to Second street, then east on Second street to Cleveland avenue, then north on Cleveland avenue to Central, then east on Central to Mathewson, north on Mathewson to 513 Mathewson. A. Yes, with other routes including: North on Topeka to Central, then east on Central to Mathewson, then north on Mathewson to point of delivery.

"6. Q. Was Mr. Handley's home, or the place where he and Morris went to get Handley's overcoat, on that route? A. No.

"7. Q. At the time of the collision on Central avenue, were Handley and Morris on the usual, regular and customary route from Armstrong Music Company's place of business to Mathewson street where the box was to be delivered. A. Yes, one of them."

The defendant contends he was not allowed to present his case fairly to the jury, because of the exclusion of material evidence. Morris was not permitted to testify that in delivering the box he would not have been at Central and Emporia avenues, where the accident occurred, if he had not gone on the errand for Handley; and that if the accident had not occurred, he intended to go east on Central avenue to St. Francis, south on St. Francis to Second, east on Second to Cleveland, north on Cleveland to Central, and then east on Central to Mathewson. The offered evidence was not material.

If the place where the accident occurred were a place where the driver, confining his conduct strictly to the business of delivering the box, might properly be, and if when at that place his movements were impelled by a purpose to deliver the box, the jury was authorized to say he was then within the scope of his employment. Intention and locality concurred to place him there. Whether or not he would have been there but for the deviation, and what course convenience might have suggested he should take from there on, were not important. There are authorities which would sustain a finding of fact that Morris was within the scope of his employment from the time he left Handley's house, but it is not necessary to approve or disapprove them. The question of when the course of deviation has turned back into the course of employment is a question of fact (Notes, 47 L. R. A., n. s., 662; L. R. A., 1916A, 957), and the observations just made are well within any reasonable rule.

Whatever may be said respecting the propriety of the court's rulings, the offered evidence was sufficiently covered by testimony which Morris was permitted to give. He described two

so-called usual and ordinary routes of travel from the defendant's place of business to the place where the box was to be delivered, neither one of which would touch the place of the accident, and he then described what route he would take in making the delivery. He said he would go east on Douglas to Cleveland, down Cleveland to Central, and over on Central to Mathewson, and he gave the facts relating to the desirability or undesirability of Central avenue as part of a direct route to Mathewson from the place of the accident.

The unpaved condition of east Central avenue did not deter Morris from including a portion of it in his preferred route to Mathewson, and the other "usual and ordinary" route which he described crossed railroad tracks. After weighing the testimony, the jury was satisfied the route by way of Topeka avenue to Central, and then east on Central to Mathewson, was just as "usual and direct, regular and proper," as any other, and so found.

There is nothing else of importance in the case, and the judgment of the district court is affirmed.