HOWARD L. GOOD *vs.* PERLEY S. BERRIE.

Aroostook.   Opinion November 30, 1923.

*A master is liable for the negligent and tortious acts of his servant done in the scope of his employment.*

In this case the verdict is not considered to be manifestly wrong upon the evidence. The questions involved were questions for the jury under proper instructions. Whether the going to the ball game was a detour, with or without intent to do business for his master, and to use some part of the time to attend a baseball game, or whether, without business purposes of his master or himself, he had attended ball games outside his authorized territory, and was bent "on a frolic of his own," are questions which could only be answered by the jury from all the facts and circumstances of the case.

Somewhere, at some time that evening, Gillis resumed the agency admitted by the defendant, and continued in his employment for several weeks after this action was brought. When and where he resumed his agency were questions for the jury. Whether or not he was acting within the scope of his employment at the time of the collision was also a question of fact for the jury.

The automobile used by Gillis was the property of the master, the servant in addition to his other admitted duties was the driver, and as to third persons it was his legal duty to drive properly, and when driving for the master, the master is liable for his negligent and tortious acts done in the scope of his employment.

On motion for a new trial by defendant. This is an action on the case for damages sustained by plaintiff to his automobile resulting from a collision with the automobile of defendant while being driven by one Gillis, an employee of defendant. A jury rendered a verdict of $494.25 for plaintiff and defendant filed a general motion for a new trial. Motion overruled.

*Charles P. Barnes,* for plaintiff.
*Shaw & Cowan,* for defendant.

SITTING: SPEAR, HANSON, DUNN, MORRILL, DEASY, JJ.

HANSON, J. Action on the case to recover damages for injuries to property sustained by the plaintiff in an automobile collision, which occurred at about seven o'clock p. m., July 29, 1921. The jury returned a verdict for the plaintiff for $494.25, and the case is before us on defendant's general motion.

The plaintiff was driving his car, a Franklin five-passenger, weighing about twenty-three hundred pounds. An employee of the defendant, one Gillis, was driving the defendant's automobile, a Ford touring car, weighing about nineteen hundred pounds. Defendant is the owner and proprietor of a store in Houlton, selling pianos and other musical instruments, and, in February before the accident, and continuously thereto, and thereafterwards until the November following, defendant employed Mr. Gillis "to sell pianos, phonographs, and other musical merchandise, to the public, out on the road as well as in the store." Gillis was to report at the store in Houlton each night, and at the time of the accident was on his way south. The plaintiff was traveling north. The automobiles collided at a point one and one half miles from Monticello village, and in the town of Monticello. During the afternoon of the day of the collision, Gillis attended a ball game at Monticello, and later in the same afternoon attended another game in the adjoining town of Bridgewater, and was returning from the Bridgewater game when the accident occurred. The plaintiff claimed that the collision occurred on the east, or his right side of a state road. The defendant claims that the automobiles collided on the west side of the road, defendant's lawful side of the highway.

The defense was the general issue, and consisted of two propositions:—(1) That the accident was due wholly, or in part, to the negligence of the plaintiff. (2) That Gillis, at the time of the accident, was not acting in the course of his employment by the defendant, and in the course of his duty as agent of the defendant.

In his charge to the jury, to which no exception was taken, the presiding Justice submitted the following question:

"Was Gillis, at the time of the accident, acting in the course of his employment by the defendant, and in the course of his duty as agent of the defendant?" The answer was, "Yes."

The issue was presented clearly under proper instruction by the presiding Justice, and the jury passed upon the questions raised. We have examined the record closely and we are not persuaded that the verdict of the jury is manifestly wrong. The defenses raised were questions for the jury under proper instructions. Whether the going to the ball games was a detour, with or without intent to do business for his master, and to use some part of the time to attend a baseball game, or whether, without business purposes of his master or himself, he had attended ball games outside his authorized territory, and was bent "on a frolic of his own," are questions which could only be answered by the jury from all the facts and circumstances in the case. It is very evident that whatever the nature of his business, if he had business aside from that on the baseball ground, he had accomplished the same, and was at the moment of the accident returning by the ordinary traveled way in the direction of his master's store at Houlton. He was within the limits of the town of Monticello at the time of the collision, where he had authority to be, and to act for the defendant that day. He was apparently on the way to the home of Mr. Hoyt, with whom he had left a phonograph for trial. Somewhere, at some time that evening, he resumed the agency admitted by the defendant, and continued in his employment for several weeks after this suit was brought. When and where he resumed his agency were questions for the jury. Whether or not he was acting within the scope of his employment at the time of the collision was also a question of fact for the jury. *Schulte* v. *Halliday*, 54 Mich., 73. The last named case holds that the finding of the jury is conclusive. Note to *Richie* v. *Walker*, 63 Conn., 155.

In *Richie* v. *Walker*, supra, a servant was sent by his master with the latter's team to procure a load, and deviated from the most direct course home for the purpose of seeing about the repair of his own shoes, and the court held that such deviation was not of itself sufficient to show that he had so far departed from the execution of the master's business as to relieve the master from liability for his negligent management of the team. In reaching a conclusion the court say: "To decide the question in a case like the present, the trier must take into account, not only the mere fact of deviation, but its extent and nature relatively to time and place and circumstances, and all the other detailed facts which form a part of and

truly characterize the deviation, including often the real intent and purpose of the servant in making it. Without spending any more time upon this point, we think the above question is one of fact in the ordinary sense, and that the case at bar clearly falls within the class of cases where such question is strictly one of fact to be decided by the trier." In *Legace* v. *Belisle Bros.*, Supreme Court of R. I., June, 1923, where defendant's servant was permitted to use defendant's truck for his private business, and in returning to his regular employment digressed somewhat from his customary route, and while so doing collided with plaintiff's truck, it was held that whether the accident occurred in the course of employment was a question for the jury.

The automobile used by Gillis was the property of the master, the servant in addition to his other admitted duties was the driver, and as to third persons it was his legal duty to drive properly, and when driving for the master, the master is liable for his negligent and tortious acts done in the scope of his employment. "If a coachman, driving his master, and being ordered not to drive so fast, disobeys and thereby occasions an injury, the master is responsible, because he is still driving for his master, though driving badly." *Brown* v. *Copley*, 7 Mann. & Granger, 566; E. C. L., 566, by Caswell, J. *Stickney* v. *Munroe*, 44 Maine, 195; *Goddard* v. *Grand Trunk Railway*, 57 Maine, 202, and cases cited; *Young* v. *Maine Central R. R. Co.*, 113 Maine, 118.

The defendant conceded in his testimony that if the servant procured business for him outside the limits of Monticello, he would accept the same. The servant was not called by the defendant. His testimony would have thrown some light on the issue, and would have explained the reason for his visit to Bridgewater at least. It is clear that the purpose of his detour, whatever it was, had been accomplished, and that he was back in the town of Monticello and driving the master's automobile in the direction of the master's place of business when the collision occurred. The testimony justified the jury in so finding, and further to find that the servant at the time of the collision was acting in the course of his employment, and in the course of his duty as agent of the defendant.

We think the verdict is amply sustained by the evidence.

*Motion overruled.*