ESTELLE M. BRENNAN, Appellant, *v.* J. B. WHITE MOTOR COM-
PANY, Respondent, Impleaded with ALMON L. HAMES and
Another, Defendants.

Third Department, November 13, 1924.

**Motor vehicles — action to recover for injuries suffered when automobile
belonging to corporation defendant collided with one in which plaintiff
was riding — corporation defendant's automobile was being driven
by employee who was on his way to get his wife to prepare his supper —
said employee had permission to use automobile to go to and from his
meals — employee was within scope of employment.**

In an action to recover damages for injuries suffered by the plaintiff when an auto-
mobile belonging to the corporation defendant collided with one in which she
was riding, it was error for the court to set aside the verdict in favor of the plaintiff
and against the corporation defendant on the ground that at the time of the
accident the employee of the corporation defendant who was driving its car was
acting outside the scope of his employment, since it appears that said employee
had charge of a used car department and had authority to use the cars therein;
that it was his custom, consented to by the corporation defendant, to use an
automobile to go to and from his meals; and that on the date of the accident
he went to his home and, finding his wife absent, he started for the home of his
wife's mother to get his wife to go home and prepare his supper and while on
his way from his own home to the home of his wife's mother the collision occurred.
The employee's act in driving from his own home to the home of his wife's mother
to get his wife was an incident merely of getting his supper.

APPEAL by the plaintiff, Estelle M. Brennan, from an order of
the Supreme Court, made at the Saratoga Trial Term and entered
in the office of the clerk of the county of Saratoga on the 11th day
of July, 1924, setting aside the verdict of the jury in favor of the
plaintiff for $2,500 and dismissing the complaint as to the defendant
J. B. White Motor Company, and also from a judgment entered in
said clerk's office on the same day pursuant to said order.

*Butler, Kilmer & Corbin* [*Harold H. Corbin* of counsel], for the
appellant.

*Ainsworth, Sullivan, Wheat & Archibald* [*Benjamin P. Wheat* of
counsel], for the respondent.

VAN KIRK, J.:

The plaintiff was injured in an automobile accident. She was riding
in a car driven by the defendant Kern, when a car owned by the J. B.
White Motor Company and driven by its employee, the defendant
Hames, came into collision with the car in which she was riding.
The jury rendered a verdict in favor of plaintiff against the defend-
ants motor company and Hames, and of no cause of action against
the defendant Kern. The court took the verdict of the jury, reserv-

ing the motion for a nonsuit and dismissal as against the defendant motor company. Later the court, with an opinion, set aside the verdict and dismissed the complaint on the ground that Hames, the driver of the car, was not in the course of his employment, but on an errand of his own at the time of the collision. This presents the one question in this court.

Hames was employed by the White Motor Company. He had charge of a used-car department and he alone of the employees had authority to determine how and when a car could be taken from that department. It does not appear how he was paid, but his services were to be rendered during the day and until the place closed, which was generally eight or eight-thirty in the evening. His home was about one mile from his work and he was accustomed to use one of the motor company's automobiles when going to his meals. No specific permission or direction to so use the car to go to his meals had been given him, but it was his custom and the company knew of his custom and consented thereto. The president of the company testified as follows: " Q. And at the time of this accident, he was in your regular occupation and injured there in your regular occupation, was he not? A. He was injured going home to his meals, yes. Q. Was he in your regular occupation? A. He was in our employ at the time and he was in the customary procedure. Q. He took the car to go home to his meals so as to get back as soon as he could to his work? A. Yes. Q. That was the purpose of authorizing these employees, among others, Hames, to use the cars in order to shorten the time that would be taken in going to meals and to correspondingly lengthen the time of service with your company, is that right? * * * A. Yes, sir." Also the court received in evidence, from the certificate or report to the Compensation Commission of this accident, a question and answer as follows: " Was he engaged in regular occupation? A. Yes." On the evening in question, between five-thirty and six o'clock, Hames went to his home with one of the defendant motor company's cars to get his supper. When he reached his home his wife was not present. He then started for the home of his wife's mother to get his wife to come home and prepare his supper. This was a trip of about one-half mile, and, while going, the collision occurred.

The answer made on behalf of the defendant company in its report of the accident under the Workmen's Compensation Law and the testimony of the president of the company above quoted fairly mean that he was a regular employee of the company and that he was following the customary procedure when he took the car to go to his supper; that his purpose in using the car to go to his supper was to shorten the time taken in going and returning

and so lengthen the time of service.   Mrs. Hames prepared the meals for her husband; getting her was an incident of getting his supper.   The fact that the accident happened while going from his home after his wife cannot affect the result.   The jury had a right to find that Hames, in using this car to go to his supper, was rendering a service to his employer.   While so using the car he was within the scope of his employment and doing an act for the interest of the defendant company.   He was doing that to which the company not only consented, but which it desired; there was no unnecessary divergence from the usual course pursued by Hames, and we think that the use of the car under all the circumstances was an incident of his employment.   There was more than a mere permission or acquiescence in the use of the car by Hames; the use was allowed for the benefit of and in the interest of the employer and not for the personal business or pleasure of Hames.   (*Bryan* v. *Bunis*, 208 App. Div. 389, and cases cited; *Riley* v. *Standard Oil Co.*, 231 N. Y. 301.)

The order and judgment appealed from should be reversed and the verdict of the jury restored, with costs.

All concur.

Order and judgment reversed on the law and verdict of the jury reinstated, with costs.   ─────────