ALICE PEARL
*vs.*
CUMBERLAND SAND & GRAVEL CO., INC.

JAMES PEARL
*vs.*
CUMBERLAND SAND & GRAVEL CO., INC.

Cumberland.    Opinion, April 14, 1943.

*I. Edward Cohen,* for the plaintiff.

*Harry S. Judelshon,* for the defendant.

SITTING: STURGIS, C.J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

STURGIS, C. J.   In these actions of tort, which were tried together before a Referee with right to except as to questions of law reserved, the defendant filed exceptions to the acceptance of the Reports allowing the plaintiffs recoveries and awarding damages.

The plaintiffs were injured when the car in which they were riding, collided with one of the defendant's trucks at the intersection of Elm and Lancaster Streets in Portland. The driver of the truck, employed by the defendant Company to haul sand with it from a pit in a nearby town to a construction job at the corner of Cedar and Lancaster Streets in Portland, it being noon when he dumped a load of sand which he had just hauled in, drove the truck to a restaurant several blocks away for his luncheon and at the time of the accident was on his way back to the job to get a slip for the sand he had delivered and return to the pit. It does not appear that there was any other eating place nearer the job or on his regular route, and although he had not received express permission to use the truck to drive to his noonday meals, this had not been prohibited.

The trier of fact could have found on the evidence that the negligence of the driver of the defendant's truck was the proximate cause of the plaintiffs' injuries and they were in the exercise of due care. He had a right to infer that the responsible officers of the defendant Company should have anticipated that its employee might have to use the truck to drive to his luncheon when he was in Portland at the noon hour and impliedly authorized him to do so. And whether at the time of the

accident, although the purpose of his slight deviation had been accomplished, he had resumed his employment and was acting in the course of it was a question of fact and not of law. This case is governed by *Good* v. *Berrie,* 123 Me., 266, 122 A., 630. It is not within the rule laid down in *Robertson, Admtrx.* v. *Armour Company,* 129 Me., 501, 152 A., 407.

The controlling questions in this case were of fact and the decision of the referee thereon was supported by evidence of probative value. The exception to the ruling below cannot be sustained. *Wood* v. *Balzano,* 137 Me., 87; *Jordan* v. *Hilbert,* 131 Me., 56, 158 A., 853. The entry in each of these cases must be the same,

*Exceptions overruled.*