ARTHUR W. LEEK

*vs.*

BETTY COHEN.

Penobscot.    Opinion, July 8, 1944.

*Edward Stern*, for the plaintiff.

*Michael Pilot*, for the defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

MURCHIE, J. The defendant here, after jury verdict awarding $800 to the plaintiff, brings the case forward on a general motion for new trial but does not contend that the allegation of excessive damages can be sustained. The case must be resolved on the question of liability.

The only factual issue involved is whether two girls who were riding in one of defendant's taxi-cabs with two of her employees when the driver thereof negligently collided with a motor vehicle owned and operated by the plaintiff were passengers of the defendant. If so, the accident might be considered as occurring within the scope of the employment of that driver. Counsel for the plaintiff argues that they were because the employees referred to them as "passengers" in statements made to police officers shortly after the accident. They designated them in the same manner in their testimony given at the trial, but it is very clear on the record that they were being driven to a restaurant for breakfast as personal guests of the driver and his fellow employee and not as passengers of the defendant. Both men testified that one of the girls sat in the front seat with the driver and the other in the rear seat with his companion, notwithstanding the latter in his statement to the police had indicated that

he was riding in the front seat. Confronted with his contradictory statement in cross-examination, he insisted that his verbal testimony was correct and that he might have made the earlier misstatement as a result of nervousness.

The men had driven taxi-cabs for the defendant prior to the accident, their working hours being from 7 o'clock in the evening to 7 o'clock in the morning, and their presence in one of her cabs at 7:45 A.M. when the accident occurred is accounted for by the fact that one of them in his night driving on the immediately preceding 12-hour shift had lost a hub-cap at or near Bull's Eye Bridge, so-called, in Bangor, and had been directed to go out and look for it in the early morning.

The testimony offers no explanation of the reason why the employee who was told to search for the hub-cap during his working hours started on the errand after his day's work was complete, but the jurors might have inferred that his time was fully occupied to the end of his day on his employer's work. If this be assumed, however, there is no basis for a finding that he was so engaged when plaintiff suffered his damage.

The evidence is undisputed that on the morning of the accident the defendant's employees, who had just completed their regular day's work, decided to go together to hunt for the hub-cap. Before starting on the mission, however, they went from the defendant's place of business on Park Street to Essex Street to pick up two girl friends and take them to Pilot's Grill for breakfast. There is no suggestion of competent evidence that the girls were passengers of the defendant or of any fact from which an inference to that effect might properly be drawn, nor could it reasonably be said that one intending to travel from the defendant's office to Bull's Eye Bridge might head for his destination by going either to Essex Street or by driving out Hammond Street to Pilot's Grill.

The principles of law governing the liability of a master for damage caused by the negligence of his servant are thoroughly established. The fundamental rule, as aptly stated in *Copp* v. *Paradis*, 130 Me., 464, 157 A., 228, is that the master is liable for any negligence of a servant arising in the course of his employment and within the scope of his authority. Implicit in the statement of the rule are the limitations that a master is not responsible for all the acts of one who is his servant or for any beyond the scope of the defined field.

Whether or not a servant in performing a particular act at a definite time and place was acting within the scope of his employment is under proper circumstances a question to be determined by the trier of facts. *Good* v. *Berrie*, 123 Me., 266, 122 A., 630; *Pearl* v. *Cumberland Sand & Gravel Co.*, 139 Me., 411, 31 A. (2d), 413; *Stevens* v. *Frost*, 140 Me., 1, 32 A. (2d), 164. As stated in the last cited case, however, it is for the Court to say whether the evidence adduced in a particular case would warrant affirmative finding on the fact. Here there is no such evidence. Defendant's employees were operating her motor vehicle to play about on a frolic of their own, using a profession of intent to act upon her business as an excuse for using her taxi-cab. The intention to look for the master's hub-cap when the frolic ended, to which one of the employees testified and which the other did not deny, does not change the fact that until that end was reached, they were headed elsewhere than on the master's business. They were entertaining friends of their own. In *Pearl* v. *Cumberland Sand & Gravel Co.*, supra, where an employee deviated slightly from the business of his master, factual finding that the purpose of his deviation had been accomplished and the course of his employment resumed was held to be justified by the testimony. Here the deviation was not slight but substantial, and there is no basis for a claim that its purpose had been satisfied when the negligence and resulting damage occurred.

The plaintiff urges that defendant's failure to testify in her own behalf, or to produce either those of her employees who were at her place of business when the ones whose activities are in issue drove away therefrom on the morning of the accident, or the girls who were in her cab when it occurred, imports that she prefers all adverse inferences properly deducible therefrom to any definite testimony such witnesses might have been able to present on her behalf. For this contention the recent cases of *Devine* v. *Tierney et al.*, 139 Me., 50, 27 A. (2d), 134, and *Bubar* v. *Bernardo*, 139 Me., 82, 27 A. (2d), 593, are cited as authority. It seems sufficient answer as to the employees that persons who did not witness the accident could have no knowledge of facts of controlling value and that the omission to present the girls as witnesses can carry no greater inference against the defendant than against the plaintiff.

On the record factual finding that the person operating defendant's motor vehicle when plaintiff was damaged in collision therewith was an employee of the defendant acting within the scope of his authority and in the course of his employment has no support in competent evidence.

*Motion sustained.*
*Verdict set aside.*
*New trial granted.*