**BAKER DRIVEAWAY CO., Inc., v. CLARK.**

**No. 5590.**

Circuit Court of Appeals, Fourth Circuit.

May 13, 1947.

Paul S. Hudgins and Albert S. Kemper, Jr., both of Bluefield, W.Va. (Richardson & Kemper, of Bluefield, W. Va., on the brief) for appellant.

Joseph M. Sanders, of Bluefield, W. Va. (A. J. Lubliner, of Bluefield, Va., on the brief), for appellee.

Before PARKER, Circuit Judge, GRONER, Chief Justice, United States Court of Appeals for the District of Columbia,* and SOPER, Circuit Judge.

SOPER, Circuit Judge.

The plaintiff in the District Court, a boy of nine years, was struck by an automobile tractor and severely injured as the machine was allowed to run down a steep hill after dark without lights on March 21, 1946, in Bluefield, West Virginia. The tractor was the property of Baker Driveaway Company, Inc., and was used in the business of the company to haul automobile-carrying trailers from Detroit to various points in the South. It was being driven at the time of the accident by Robert J. Williams, an employee of the company. Jurisdiction was based on diverse citizenship. The case was submitted upon interrogatories in response to which the jury found that at the time of the accident Williams was acting within the scope of his employment, that the accident was caused by his negligent operation of the tractor and that the plaintiff did not contribute thereto by negligence on his part. A verdict for $5,000 in the plaintiff's favor was rendered.

We are concerned with the single question whether there was sufficient evidence to justify the submission of the issue whether Williams was acting within the scope of his employment at the time or was, on the contrary, engaged upon a mission of his own. The evidence bearing on this issue was substantially as follows. Williams had been employed by the Company for eight years to train new drivers, and to drive trailer busses to and from Detroit. He had been a friend of Mrs. Clark, the boy's mother, for several years and sometimes stopped at her house when he visited her at Bluefield. On Tuesday, March 19, 1946, he was in Roanoke, and wishing to visit Mrs. Clark, he telephoned to the manager of the Roanoke division of the corporation, who was then in Richmond, and asked permission to spend two or three days in Bluefield. The manager knew that Williams and Mrs. Clark were going together. Williams testified that in response to this request the manager told him that the company had a tractor that had to go to Detroit the end of the week, and that Williams should take the tractor to Bluefield, stay two or three days, and then go on to Detroit and be back in Roanoke on Monday or Tuesday. Bluefield is not on the direct route from Roanoke to Detroit. In order to reach Bluefield it is necessary to leave that route at Princeton, West Virginia, which is nine miles from Bluefield.

Accordingly, Williams drove the truck to Bluefield and spent two days, during which he received his regular pay. He drove to the Clark house and then took Mrs. Clark in the tractor to buy some household supplies. He spent the night at the house and parked the truck on a city street two blocks away. The next day he used the tractor again to take Mrs. Clark to the store and bring her back home. It was then 5 P. M., and after lingering a little while, he got his laundry which Mrs. Clark had washed for him and got into the tractor to resume his journey to Detroit. He started the motor and drove downhill to a wide place in the road to turn around so as to face in the right direction, and as he was turning, the battery, which was out of order, went dead. He borrowed a battery, drove the tractor again to the Clark house, removed the battery and reinstalled the dead one. He then released his brake and allowed the car to drift downhill in gear in order to start the engine. By that time night had fallen, and as the car drifted down the hill without lights, it struck the child and injured him. Williams had started to return to Princeton when the accident occurred.

The appellant defends on the broad ground that the side trip from Princeton to Bluefield, although undertaken with the consent of the employer, was merely a personal mission of Williams in deviation.

* Sitting in the Fourth Circuit by special assignment.

from the course of his employment; and hence the contention is made that the case is governed by the rule that the owner of an automobile is not liable for injuries caused by a servant while operating the car for his own business or pleasure although he has the owner's consent; and that if the primary purpose of the use of the car is the personal convenience or business of the servant, incidental benefit derived by the employer therefrom will not impose liability upon him for his servant's negligence. Meyn v. Dulaney-Miller Auto Co., 118 W. Va. 545, 553, 191 S.E. 558; Jenkins v. Spitler, 120 W. Va. 514, 517, 199 S.E. 368; Hollen v. Reynolds, 123 W. Va. 360, 15 S.E.2d 163; Lacewell v. Lampkin, 123 W. Va. 138, 13 S.E.2d 583.

This position, however, does not give sufficient heed to the case portrayed by the plaintiff's evidence which tends to show that the primary purpose of Williams' journey was the transportation of the tractor from Roanoke to Detroit, a distance of approximately six hundred miles, to which the side trip of nine miles and return between Princeton and Bluefield and the visit at Bluefield for a day or two was merely incidental. In any event, a reasonable inference to that effect may be drawn from the facts, and it was proper for the judge to permit the jury to pass upon the question. In Meyn v. Dulaney-Miller Auto Co., 118 W. Va. 545, 191 S.E. 558, where an employee had used his employer's car with permission for his own enjoyment and had then returned to the employer's place of business for a purpose connected with the business and later met with an accident as he drove the car home in accordance with his usual custom, the court held (118 W. Va. p. 555, 191 S.E. 558) that under the circumstances it was the clear province of the jury to determine whether or not at the time of the accident the employee was acting within the scope of his employment. The court also said (118 W.Va. pp. 554, 555, 191 S.E. 563):

" * * * Generally, where a servant has permission to use a car in order to better execute his business to go to and from his meals and home, he is acting within the scope of his employment. 5 Am. Juris., 718, § 379; 45 A.L.R. 490; 68 A.L.R.

1058; 80 A.L.R. 732; Goff v. Clarksburg Dairy Co., 86 W.Va. 237, 103 S.E. 58; Fisick v. Larber, 95 Misc. 574, 159 N.Y. S. 722; Depue v. [George D.] Salmon Co., 92 N.J.L. 550, 106 A. 379; Brennan v. [J. B.] White Motor Co. [et al.], 210 App.Div. 533, 206 N.Y.S. 544; Kish v. California State Automobile Ass'n, 190 Cal. 246, 212 P. 27. Whether the driver of an automobile using his employer's car to go to and from work is acting within the scope of his employment, is a question of fact for the jury. Goff v. Clarksburg Dairy Co., supra; Zondler v. Foster Mfg. & Supply Co., 277 Pa. 98, 120 A. 705; Puccia v. Sevigne, 258 Mass. 234, 154 N.E. 765; Moore v. Roddie, 103 Wash. 386, 174 P. 648, modified 106 Wash. 548, 180 P. 879; Wrightsman v. Glidewell, 210 Mo.App. 367, 239 S.W. 574; Ferris v. McArdle, 92 N.J.L. 580, 106 A. 460; Brennan v. White Motor Co. et al., supra; Butler v. Hyperion Theatre Co., 100 Conn. 551, 124 A. 220; Dunbaden v. Castle Ice Cream Co., 103 N.J.L. 427, 135 A. 886. Likewise, it is generally a jury question where an employee driving his employer's automobile diverts from his master's business and is involved in an accident upon returning towards the master's business. Reynolds v. Denholm, 213 Mass. 576, 100 N.E. 1006; Rooks v. Swift & Co., 210 Ala. 364, 98 So. 16; Good v. Berrie, 123 Me. 266, 122 A. 630; Bloodgood v. Whitney, 235 N.Y. 110, 139 N.E. 209; Gibson v. Dupree, 26 Colo.App. 324, 144 P. 1133; Riley v. Standard Oil Co., [of New York], 231 N.Y. 301, 132 N.E. 97, 22 A.L.R. 1382; Cummings v. Republic Truck Co., 241 Mass. 292, 135 N.E. 134; Samuels v. Hiawatha Holstein Dairy Co., 115 Wash. 343, 344, 197 P. 24; Dale v. Armstrong, 107 Kan. 101, 190 P. 598; Edwards v. Earnest, 206 Ala. 1, 89 So. 729, 22 A.L.R. 1387."

It should be borne in mind that the accident in the pending case did not occur while Williams was driving the tractor in Bluefield for the personal convenience of Mrs. Clark and himself, which in no way served his employer's business in the transportation of the tractor. While he was directed to drive the machine to Bluefield and keep it there until he finished his visit, it was not contemplated that he should use it for his personal business during the

184

interval, especially as the company had a definite rule that none of its vehicles should be used for other than company business. The visit, however, was ended and he was on his way to his ultimate destination when the accident occurred; and if the view be taken that the visit at Bluefield was not a separate or independent enterprise but merely a part of the whole journey which Williams was instructed to make, there was basis for the jury's finding that he was within the course of his employment when, having finished his visit, he started on his way to Detroit. Hollen v. Reynolds, 123 W.Va. 360, 15 S.E.2d 163, is not to the contrary, for in that case, as the court pointed out, the employee was not returning to the master's business after a deviation, but was merely making an unauthorized use of his employer's car.

The judgment of the District Court is affirmed.