SARA ELENA LLORÉNS ORTIZ ET AL., Plaintiffs and Appellees, v. ISMAEL LOZADA, ETC., Defendants and Appellants.

No. 10474. Argued December 3, 1951.—Decided March 26, 1952.

---

[2] The attorneys who represented the workmen were not officials of the Department of Labor.

*Enrique Báez García* for appellants.   *R. Hernández Matos* for appellees.

MR. JUSTICE SNYDER delivered the opinion of the Court.

The plaintiffs, the widow and heirs of Andrés Pérez Graciani, sued Ismael Lozada and the United States Fidelity and Guaranty Company in the district court for damages by virtue of an automobile accident in which Pérez Graciani was killed.   After a trial on the merits, the lower court entered judgment in favor of the plaintiffs for $10,000, costs and $500 for attorney's fees.   The case is here on appeal from that judgment.

A brief summary of the facts as found by the lower court is necessary for an understanding of the errors assigned by the appellants.   On February 17, 1949 Juan Vélez Padilla, employee of the defendant Lozada, was driving a truck owned by Lozada and which was loaded with sugar cane.

The cane also belonged to Lozada. Vélez' destination was Central Igualdad. He was driving on insular road No. 2 in the direction of Mayagüez. This was the route he regularly took for this purpose pursuant to the orders of Lozada, his employer. This was the last trip to haul cane belonging to Lozada that Vélez was scheduled to make on the day in question. However, when Vélez reached kilometer 189, hectometer 9, on the stretch of road between San Germán and Mayagüez, Vélez came to the conclusion that he could not arrive at the Central before six p.m. Since the Central did not receive cane after that time, Vélez decided that it would be better for his employer to park the truck on the side of the road and to continue the trip early in the morning. He therefore parked the truck at 7 p. m. at the end of a curve, proceeded to his nearby home and went to sleep.

At the point where the truck was parked the road measured 37 feet. The part which was tar road was 21 feet. The truck was parked on the right but occupied a considerable portion of the tarred road at that point. Both the front and back left wheels were on the tar road. The truck had no lights of any sort. The truck was a "dark object". This was accentuated by the fact that the truck was close to some poppy shrubs which were so thick and overgrown that their foliage merged into the cane with which the truck was loaded.

On the same night the Santurce and Mayagüez baseball teams were playing the last and decisive game of the 1948–49 season for the championship of Puerto Rico. Pérez Graciani, Reny Maldonado and some other friends were in Guayanilla listening to the radio broadcast of the game. When it was announced that Mayagüez had won, Pérez and his friends decided to go to Mayagüez that night to celebrate. They left Guayanilla a little after ten p. m. Maldonado provided and drove the Ford sedan in which they travelled. It belonged to F. Dávila & Co., with whom Maldonado worked.

Pérez Graciani was on the front seat and three others were on the back seat.

Between eleven and twelve p. m., while Maldonado was driving on the right at a moderate speed with his lights on, he was momentarily blinded by the full lights of an automobile coming in the opposite direction. Maldonado swerved to the right in order to avoid a collision with the oncoming car. When he turned again to the left in order to reach the center of the road, he suddenly struck the left rear corner of the parked Ford truck. Pérez Graciani was killed as a result of this collision.

The first assignment is that the lower court committed an error of law in holding that in parking the truck on the road the chauffeur of defendant Lozada acted within the scope of his employment, thereby making the defendant Lozada liable for his negligence. The appellants rely principally on the rule laid down in *Acosta* v. *Crespo*, 70 P.R.R. 223, 232:

"The owner of an automobile is not liable for injuries caused by the negligence of a chauffeur employed by him if it is established by the testimony that while driving the car the chauffeur deviated from his work to accomplish some purpose of his own not connected with his employment. *Ojea* v. *Drug Co. of Porto Rico*, 40 P.R.R. 626; *Burgos* v. *Sobrinos de Villamil*, 41 P.R.R. 85; *Ramírez* v. *Marín*, 42 P.R.R. 824; *Graniela* v. *Yolande, Inc.*, [65 P.R.R. 100]; Annotation, 122 A.L.R. 858; *Maas* v. *Harvey*, 8 S. 2d 683 (La., 1942); *Barret* v. *Employers Liability Assur. Corporation*, 118 F. 2d 799 (C.C.A. 5, 1941); *R. L. Jeffries Truck Line* v. *Brown*, 197 S. W. 2d 904 (Ky., 1946); *Baker Driveaway Co.* v. *Clark*, 162 F. 2d 181 (C.C.A. 4, 1947); I Restatement, Agency § § 235, 238; 5 Blashfield, *Cyclopedia of Automobile Law and Practice*, Permanent ed., § 3011, p. 139. *Cf. Maysonet* v. *Heirs of Arcelay*, [70 P.R.R. 155]."

The appellants argue that Lozada had directed the chauffeur to use Lozada's truck solely to deliver cane from Lozada's farm to Central Igualdad; that his chauffeur had deviated from his work, to accomplish a purpose of his own

when he parked the truck and spent the night sleeping at his home; and therefore that the negligence of the chauffeur could not be attributed to his employer.

However, the testimony believed by the district court shows that this was the fourth trip made by the chauffeur hauling cane with the same truck that day; that by the time he got on the road he realized that he could not reach the Central by six p.m., at which time the Central stopped receiving cane; that he did not take the truck back to the loading station because it was difficult to turn the truck around; that he decided the best thing for his employer was to park the truck near his house in order to deliver the cane to the Central early next morning.

Under these circumstances, we cannot agree that in parking the truck the chauffeur had deviated from his work to accomplish some exclusive purpose of his own. On the contrary, his primary purpose in taking this action was to be in a position to serve his employer the next day. The fact that he was also able to sleep at home does not change this result. Although his motives may have been mixed, if his action in part furthered the purposes of his employment, his negligence in parking the truck in the above-described manner must be imputed to his employer. See *Vigio* v. *Cartagena*, 71 P.R.R. 665, and authorities cited at p. 668; *Maysonet* v. *Heirs of Arcelay, supra. Cf. Rivera* v. *Maldonado*, 72 P.R.R. 448.

■ Once we hold that in parking the truck the chauffeur was endeavouring to serve some purpose of the employer, we can under the circumstances of this case give no effect to the testimony of the employer that his chauffeur always had orders to park the truck overnight at the loading-station and never to leave it overnight on the road. To permit such a defense would, for example, be equivalent to holding that an employer may never be held liable for the negligence of his employee in driving at a high speed because he had instructed

the latter to drive at a moderate speed. If as here an employee is acting within the course of his employment, his employer is liable for his negligent acts even if the latter prohibited him from engaging in the particular conduct in question. As Prosser on *Torts* puts it at p. 476, if "the conduct is merely a forbidden way of accomplishing an authorized result, the master cannot escape responsibility even by specific directions to the servant". Otherwise a principal could easily immunize himself from liability for all the possible future negligent acts of his agent merely by previously forbidding him from committing specific negligent acts.

■■ The second assignment is that the lower court erred in not holding that Maldonado was contributorily negligent in driving the car in which Pérez was riding. In failing to provide a rear light after sunset for the truck, in violation of § 12 (*g*) of Act No. 279, Laws of Puerto Rico, 1946, the chauffeur of defendant Lozada committed an act of negligence *per se*. But the appellants rely on the principle that if the circumstances were such that Maldonado could by reasonable care have seen the truck in time to avoid the collision, his failure to exercise such reasonable care would require a finding that he was contributorily negligent. *Portalatín* v. *Alers*, 69 P.R.R. 697; Restatement, Torts, Vol. II, § 474, Comment (*b*), p. 1248. *Cf. Paniagua* v. *Transportation Authority*, 69 P.R.R. 121, dissenting opinion.

The difficulty in this case for the appellants is that the facts found by the lower court do not justify application of the foregoing principle. In the *Portalatín* case the plaintiff was found to be contributorily negligent because he was travelling at high speed on a rainy night, thereby foreclosing the possibility that he would see the obstacle in time. Here Maldonado was driving at a moderate speed, the obstruction was blended into the background, and he did not see the obstruction in time because his attention was excusably

diverted for a moment when he was blinded by the lights of the oncoming car. Under those circumstances, even the dissenting opinion in the *Paniagua* case concedes at p. 126 that no contributory negligence exists. In view of these facts, we cannot say that Maldonado committed any act of negligence which contributed to the cause of the accident.

▆ The third assignment is that the lower court erred in not imputing the negligence of Maldonado to Pérez Graciani on the ground that they were engaged in a joint venture. We never reach this question. Since Maldonado was not negligent, the problem of imputing his negligence to Pérez Graciani on the theory of joint venture cannot arise. *Ramos* v. *García*, 62 P.R.R. 392, 395. *Cf. Paniagua* v. *Transportation Authority*, *supra*, pp. 126–27, dissenting opinion; 4 Blashfield, Cyclopedia of Automobile Law and Practice, Part I, Perm. Ed., § 2372, p. 492 *et seq.*

▆ The fourth assignment is that the judgment is excessive. We find no basis for saying that the lower court abused its discretion in awarding damages of $10,000 in this case.

The judgment of the district court will be affirmed.